IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD G. RAHLL & SONS, INC.,** | : | CIVIL ACTION NO. 1:08-CV-1384 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **SHAWN ZACH and KIM ZACH,** <br> **d/b/a ZACH'S PRODUCE** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 28th day of July, 2008, at 5:45 p.m., upon consideration of the *ex parte* motion for a temporary restraining order (Doc. 6), and of the sworn certification (Doc. 6-3) attached thereto stating why an injunction should issue without notice to defendants, and it appearing that § 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(2), imposes a statutory floating trust on all perishable agricultural commodities and on all receivables or proceeds derived from the sale thereof,[1] see id.; Weis-Buy Servs, v. Paglia, 411 F.3d 415, 420 (3d Cir. 2005), and that unpaid sellers may receive equitable enforcement of the trust upon an evidentiary showing that (1) "the trust is being depleted" and that (2) "the likelihood is great that there will be no fund available to satisfy a legal

---

[1] PACA requires seller-beneficiaries to preserve their interest in the trust corpus either by providing written notice of their intent to enforce trust benefits after a buyer fails to remit payment for produce, see 7 U.S.C. § 499e(c)(3), or by notifying buyers of the existence of the trust via the sellers' "usual billing or invoice statements," id. § 499e(c)(4). In the instant case, Edward G. Rahll & Sons has preserved its rights under PACA through the latter method. (See Doc. 4, Ex. 2.)

judgment against the delinquent buyer," see Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132, 139 (3d Cir. 2000), and it further appearing that defendants Shawn Zach and Kim Zach (collectively "the Zachs") operate a business known as Zach's Produce, which is engaged in the retail sale of perishable agricultural commodities, (see Doc. 4 ¶ 4), that they have accepted delivery of perishable agricultural commodities worth $55,319.30 from plaintiff Edward G. Rahll & Sons ("Rahll") for which they have never remitted payment, (see id. ¶ 7; id., Ex. 1), that the Zachs have repeatedly acknowledged this debt and promised payment but have failed to settle their account with Rahll, (see id. ¶¶ 11-12),[2] that the Zachs have tendered to Rahll a check in the amount of $6,000.00, which was returned unpaid, (see id. ¶ 13; id., Ex. 3), and that the Zachs are presently wrapping up the business of Zach's Produce and liquidating its real and personal property,[3] (id. ¶ 14), and the court concluding that, in light of the perilous financial status of Zach's Produce, that it is unlikely that trust assets will be recovered in the absence of injunctive relief, see Tanimura, 222 F.3d at 134-35 (stating that district court should have issued a TRO or a preliminary injunction when debtor issued several checks that were postdated or returned for insufficient funds and informed creditor that it lacked the ability to pay debt); Procacci Bros. Sales v. Indian Rock Produce,

---

[2]During the most recent such conversation, the Zachs acknowledged the debt but refused to provide payment to Rahll. (Doc. 4 ¶ 12.)

[3]Counsel for plaintiff advised the court during a telephone conference held on the date of this order that the Zachs have also ceased returning telephone calls regarding the debt owed to Rahll.

Inc., No. Civ. A. 03-5543, 2003 WL 22331871, at *1, *3 (E.D. Pa. Oct. 9, 2003) (issuing a temporary restraining order to preserve PACA trust assets because defendant had executed four checks that were returned for insufficient funds and lacked the ability to pay debts); Botman Int'l v. Int'l Produce Imports, No. Civ. A. 99-5088, 1999 WL 997752, at *1, *3 (E.D. Pa. Nov. 4, 1999) (entering a preliminary injunction after having issued a temporary restraining order because defendant's debt to plaintiff exceeded its accounts receivable and plaintiffs had presented evidence of trust depletion in the form of loans made to defendant's officers during pending financial difficulties); see also Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154, 159 (11th Cir. 1990) (stating that in PACA enforcement cases "the district court should require the debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets, [and] should then require the PACA debtor to separate and maintain these produce-related assets as the PACA trust for the benefits of all unpaid sellers having a bona fide claim"), quoted with approval in Tanimura, 222 F.3d at 137-38, that Rahll has demonstrated that the Zachs are likely engaged in depletion of trust resources, and that a temporary restraining order is properly issued without notice to prevent further depletion of trust assets pending issuance of an injunction, see Tanimura, 222 F. 3d at 140 ("[O]nce the PACA trust is dissipated, it is almost impossible for a beneficiary to obtain recovery."); Inn Foods, Inc. v. Turner Mead LLC, No. Civ. A. 07-0649, 2007 WL 484781, at *1 (N.D. Cal. Feb. 9, 2007) (granting *ex parte* injunction request to prevent further depletion of trust assets), and the court finding that Rahll is likely to succeed on the merits of its

3

enforcement claim under PACA because the Zachs have accepted delivery of $55,319.30 in commodities for which they have not paid Rahll, see Tanimura, 222 F.3d at 140 (stating that injunctions under PACA are governed by traditional four-factor injunction analysis); Punnett v. Carter, 621 F.2d 578, 582-83 (3d Cir. 1980) (identifying likelihood of success on the merits as a factor of the injunction analysis), that Rahll lacks an adequate remedy at law because—absent injunctive relief—the Zachs are likely to continue to dissipate trust assets irrecoverably due to the financial condition of Zach's Produce, see Tanimura, 222 F.3d at140-41; Bennington Foods LLC v. St. Croix Renaissance Group, 528 F.3d 176, 179 (3d Cir. 2008) (stating that a court must consider existence of irreparable harm when determining whether to issue an injunction), that any hardship the Zachs will suffer by issuance of a temporary restraining order is outweighed by the damage Rahll would incur if it were unable to receive payment, see Tanimura, 222 F.3d at 140; Bennington Foods, 528 F.3d at 179 (requiring balancing of the harms created by an injunction and that will ensue in its absence), and that the public interest favors ensuring that suppliers of perishable agricultural commodities receive payment for goods supplied, see 7 U.S.C. § 499e(c)(1); Tanimura, 222 F.3d at 140; Bennington Foods, 528 F.3d at 179 (requiring consideration of the public interest prior to issuance of an injunction), and the court further concluding that Rahll should be excused from posting a security bond because the Zachs are presently in possession of produce worth $55,319.30, which is the property of Rahll, see Elliott v. Kiesewetter, 98 F.3d 47, 60 (3d Cir. 1996) (stating that district courts have discretion

to waive the bond requirement contained in Rule 65(c) of the Federal Rules of Civil Procedure if "the balance of the[] equities weighs overwhelmingly in favor of the party seeking the injunction"), it is hereby ORDERED that:

1. Plaintiff Rahll's motion (Doc. 6) for a temporary restraining order is GRANTED.

2. Defendants Shawn Zach and Kim Zach, along with their customers, agents, officers, subsidiaries, servants, employees, banking institutions, and assigns who shall receive notice of this order, are ENJOINED from dissipating, alienating, or otherwise impairing any perishable agricultural commodities, inventories of food or other products derived therefrom, or any receivables or proceeds from the sale of such commodities pending future order of court.

3. Within two business days of the service of this order, defendants shall file with the court an accounting that identifies all assets, liabilities and accounts receivable of Zach's Produce, signed under penalty of perjury. A copy of such documents shall also be directed to plaintiff's attorneys.

4. Within five business days of the service of this order, defendants shall file with this court all documents—including the most recent balance sheets, profit and loss statements, accounts receivable reports, accounts payable reports, accounts paid records, and income tax returns—prepared in connection with the assets and liabilities of Zach's Produce as a corporation, trade name, or partnership. Such documents shall also be provided for its related and subsidiary entities.

5. Bond is WAIVED in light of defendant Shawn Zach and Kim Zach's retention of Rahll's assets worth $55,319.30.

6. Rahll is instructed to effectuate personal service forthwith upon defendants Shawn Zach and Kim Zach and to file proof of service upon completion thereof.

7. This order shall EXPIRE at 5:00 p.m. on Monday, August 11, 2008.

                                           S/ Christopher C. Conner
                                           CHRISTOPHER C. CONNER
                                           United States District Judge