## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD G. RAHLL & SONS, INC.,** | : | **CIVIL ACTION NO. 1:08-CV-1384** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SHAWN ZACH and KIM ZACH,** | : | |
| **d/b/a ZACH'S PRODUCE** | : | |
| | : | |
| **Defendants** | : | |

## PRELIMINARY INJUNCTION

AND NOW, this 14th day of August, 2008, upon consideration of plaintiff's

motion for a preliminary injunction (Doc. 5), and it appearing that defendants were

properly served with the court's temporary restraining order (Doc. 9) and with the

order scheduling a hearing on plaintiff's motion, which was held on the date

hereof,[1] and it further appearing that defendants Shawn Zach and Kim Zach[2]

(collectively "the Zachs") operated a business known as Zach's Produce, which was

engaged in the retail sale of perishable agricultural commodities, that they accepted

delivery of perishable agricultural commodities worth $55,319.30 from plaintiff

Edward G. Rahll & Sons ("Rahll") for which they never remitted payment, (see

---

[1]Defendants did not appear for the hearing, at the conclusion of which the court placed various factual findings on the record. These conclusions shall constitute the court's finding of fact for purposes of Rule 52(a)(2) of the Federal Rules of Civil Procedure.

[2]Plaintiff's counsel represented that Kim Zach accepted service of all litigation papers on behalf of both defendants under the name "Kim Britton." (See also Doc. 15.)

Preliminary Injunction Hearing [hereinafter "Hr'g"] Exs. 1, 2),[3] that the Zachs

acknowledged this debt and promised payment but failed to settle their account

with Rahll, (see, e.g., Hr'g Ex. 3), that the Zachs tendered to Rahll a check in the

amount of $6,000.00, which was returned unpaid, (see id.), and that the Zachs are no

longer operating the business of Zach's Produce, and the court concluding that

§ 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C.

§ 499e(c)(2), imposes a statutory floating trust on all perishable agricultural

commodities and on all receivables or proceeds derived from the sale thereof,[4] see

id.; Weis-Buy Servs, v. Paglia, 411 F.3d 415, 420 (3d Cir. 2005), and that unpaid

sellers may receive equitable enforcement of the trust upon an evidentiary showing

that (1) "the trust is being depleted" and that (2) "the likelihood is great that there

will be no fund available to satisfy a legal judgment against the delinquent buyer,"

see Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132, 139 (3d Cir.

2000), and the court further concluding that, in light of the perilous financial status

of Zach's Produce, it is unlikely that trust assets will be recovered in the absence of

injunctive relief, see Tanimura, 222 F.3d at 134-35 (stating that district court should

---

[3]All exhibits cited in this format refer to documents introduced by Rahll at the preliminary injunction hearing.

[4]PACA requires seller-beneficiaries to preserve their interest in the trust corpus either by providing written notice of their intent to enforce trust benefits after a buyer fails to remit payment, see 7 U.S.C. § 499e(c)(3), or by notifying buyers of the existence of the trust via the sellers' "usual billing or invoice statements," id. § 499e(c)(4).  In the instant case, Rahll has preserved its rights through the latter method.  (See Hr'g Ex. 2.)

have issued a preliminary injunction when debtor issued several checks that were postdated or returned for insufficient funds and informed creditor that it lacked the ability to pay debt); Botman Int'l v. Int'l Produce Imports, No. Civ. A. 99-5088, 1999 WL 997752, at *1, *3 (E.D. Pa. Nov. 4, 1999) (entering a preliminary injunction because defendant's debt exceeded its accounts receivable and plaintiffs had presented evidence of trust depletion in the form of loans made to defendant's officers during pending financial difficulties); see also Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154, 159 (11th Cir. 1990), that Rahll has demonstrated that the Zachs are likely engaged in depletion of trust resources, and that a preliminary injunction is necessary to prevent further depletion of trust assets, see Tanimura, 222 F. 3d at 140 ("[O]nce the PACA trust is dissipated, it is almost impossible for a beneficiary to obtain recovery."), and the court finding that Rahll is likely to succeed on the merits of its claim under PACA because the Zachs have accepted delivery of $55,319.30 in commodities for which they have not paid Rahll, see Tanimura, 222 F.3d at 140 (stating that injunctions under PACA are governed by traditional four-factor injunction analysis); Punnett v. Carter, 621 F.2d 578, 582-83 (3d Cir. 1980) (identifying likelihood of success on the merits as a factor of the injunction analysis), that Rahll lacks an adequate remedy at law because— absent injunctive relief—the Zachs are likely to continue to dissipate trust assets irrecoverably, see Tanimura, 222 F.3d at140-41; Bennington Foods LLC v. St. Croix Renaissance Group, 528 F.3d 176, 179 (3d Cir. 2008) (stating that a court must consider existence of irreparable harm when determining whether to issue an injunction), that any

3

hardship the Zachs will suffer by issuance of a preliminary injunction is outweighed by the damage Rahll would incur if it were unable to receive payment, <u>see</u> <u>Tanimura</u>, 222 F.3d at 140; <u>Bennington Foods</u>, 528 F.3d at 179 (requiring consideration of the harms created by an injunction vis-à-vis those that will ensue in its absence), and that the public interest favors ensuring that suppliers of perishable agricultural commodities receive payment for goods supplied, <u>see</u> 7 U.S.C. § 499e(c)(1); <u>Tanimura</u>, 222 F.3d at 140; <u>Bennington Foods</u>, 528 F.3d at 179 (requiring consideration of the public interest prior to issuance of an injunction), and the court further finding that Rahll should be excused from posting a security bond because the Zachs are presently in possession of produce worth $55,319.30, which is the property of Rahll, <u>see</u> <u>Elliott v. Kiesewetter</u>, 98 F.3d 47, 60 (3d Cir. 1996) (stating that district courts have discretion to waive the bond requirement contained in Rule 65(c) of the Federal Rules of Civil Procedure if "the balance of the[] equities weighs overwhelmingly in favor of the party seeking the injunction"), it is hereby ORDERED that:

1.   Plaintiff's motion for a preliminary injunction is GRANTED. Defendants, together with their customers, agents, officers, subsidiaries, assigns, banking institutions, and related entities, are ENJOINED from alienating, dissipating, paying over, or assigning any assets of Zach's Produce (whether as a trade name, corporation, or individual doing business) or its subsidiaries or related companies except as set forth herein.

2.   Within five (5) business days of the date hereof, defendants shall supply to plaintiff's counsel the following documents regarding the assets of Zach's Produce (whether as a trade name, corporation, or individual doing business) and its related subsidiary companies: (a) the most recent balance sheets, (b) profit/loss statements,

(c) accounts receivable names and addresses for collection purposes, and (d) all records—such as checking account registers and cash receipt records—showing how any funds of the company were spent during the preceding six (6) months.

3.  Within two (2) days of service of this order, defendant or any of their banking institutions shall pay any and all funds realized from the sale of perishable agricultural commodities or products derived therefrom in their possession, up to an aggregate amount of $55,319.30, to McCarron & Diess, 4900 Massachusetts Avenue, N.W., Suite 310, Washington, D.C. 20016, attorneys for plaintiff, for payment to plaintiff.

4.  Any funds belonging to Zach's Produce (whether as a trade name, corporation, or individual doing business) in the possession of third parties, including funds on deposit at banking institutions in aggregate amounts of up to $55,319.30, shall be immediately paid to McCarron & Diess, 4900 Massachusetts Avenue, N.W., Suite 310, Washington, D.C. 20016, attorneys for plaintiff, for payment to plaintiff.

5.  Attorneys for plaintiff are hereby authorized to collect all outstanding accounts receivable of Zach's Produce (whether as a trade name, corporation, or individual doing business) and to transfer such collections to plaintiff until plaintiff receives full payment.  Defendants shall to cooperate with plaintiff's attorneys in providing any necessary documents to effect collection.

6.  Plaintiff shall forthwith serve defendants with a copy of this order, which shall bind defendants upon receipt thereof.  See FED. R. CIV. P. 65(d)(2).

7.  On or before September 15, 2008, counsel for plaintiff shall file a status report apprising the court of the progress of the above-captioned matter.  Similar reports shall be submitted on or before the fifteenth (15th) day of each subsequent month.

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge