IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD G. RAHLL & SONS, INC.,** | : | CIVIL ACTION NO. 1:08-CV-1384 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **SHAWN ZACH and KIM ZACH,** **d/b/a ZACH'S PRODUCE** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 20th day of November, 2008, upon consideration of the in-court proceedings conducted on October 23, 2008, during which the court found defendants in civil contempt for failure to comply with the preliminary injunction (Doc. 19), of the contempt hearing held on November 10, 2008, and of the order of court (Doc. 33) issued on the same date, which permitted defendants to purge their contempt by transmitting to plaintiff's counsel copies of balance sheets, profit and loss statements, accounts receivable, and all other business records,[1] (see Doc. 19 ¶ 2; Doc. 33 ¶ 1), and upon further consideration of the status report (Doc. 34) submitted by plaintiff's counsel on November 19, 2008, requesting additional contempt sanctions against defendants for failure to comply with the order, and it appearing that in response to the order defendants produced portions of the bankruptcy petition of defendant Shawn Zach ("Zach") and his bank statement for

---

[1] The order required defendants to complete production on or before November 18, 2008. (See Doc. 33 ¶ 1.)

the period from June 13–July 11, 2008,[2] that during the November 10, 2008 contempt hearing Zach represented that he had checking account statements, ledgers, tax returns, and handwritten statements of accounts pertinent to defendants' produce business, known as Zach's Produce, (Contempt Hr'g Tr. 5-7, 10, Nov. 10, 2008), and that these records are currently in the possession of his bankruptcy attorney, Gary Imblum, Esquire, and his accountants, Boyer & Ritter, LLC, (id. at 8-10), and the court finding that during the hearing it required defendants to instruct Gary Imblum and Boyer & Ritter to furnish copies of these records to plaintiff's counsel (id. at 8), and the court concluding that the few documents produced to plaintiff's counsel fail to satisfy the mandate imposed during that hearing and by the order of court (Doc. 33) issued thereafter, it is hereby ORDERED that:

1. **Defendants Shawn Zach and Kim Zach REMAIN in contempt of court for failure to comply with the provisions of the preliminary injunction (Doc. 19) that require production of business records.**[3]

---

[2] Defendants' bankruptcy counsel provided the court with courtesy copies of these records via facsimile. The records include Schedule B from Zach's bankruptcy petition, which identifies his personal property; his statement of intention with respect to the bankruptcy estate; and the bank statement.

[3] During the contempt hearing on November 10, 2008, the court stayed provisions of the preliminary injunction (Doc. 19) that require discharge of defendants' debt in light of Zach's bankruptcy petition and the automatic stay that it imposes pursuant to 11 U.S.C. § 362(a)(1). (See Doc. 33 ¶ 2.) The court also concluded that the automatic stay has no effect on contempt proceedings that do not seek to extract payment of a financial obligation. See 11 U.S.C. § 362(b)(4); (Hr'g Tr. at 4). Hence, the instant proceedings may continue with respect to defendants' failure to produce their business documents as required by the preliminary injunction. (See Hr'g Tr. at 8.)

2. Defendants may purge their contempt as provided in Paragraph 1 of the order of court (Doc. 33) dated November 10, 2008, the obligations of which are recapitulated in the following subparagraphs:

   a. Defendants must produce at least the following business documents to the extent that they exist: (i) balance sheets, (ii) profit and loss statements, (iii) statement of accounts receivable, (iv) checking account statements, (v) bank account ledgers, (vi) deposit slips, (vii) tax returns, (viii) handwritten or electronically generated accounting records, and (ix) all other records that reflect how defendants' produce business spent the funds it generated.

   b. The records produced hereunder must reflect all cash inflows and expenditures **for at least the six months** prior to issuance of the preliminary injunction. (See Doc. 19 ¶ 2.)

   c. The records shall be produced **on or before Thursday, December 4, 2008** to plaintiff's counsel at the following address: McCarron & Diess, 4900 Massachusetts Avenue, N.W., Suite 310, Washington, DC, 20016, c/o Maria C. Simon.

3. Defendant Shawn Zach is COMMANDED to perform the following actions to facilitate production of the documents identified in Paragraph 2:

   a. Within one business day of receipt of this order, defendant Shawn Zach shall contact Gary Imblum and Boyer & Ritter to arrange for production of the documents identified in Paragraph 2.a.


    b.    **On or before Friday, November 28, 2008**, defendant Shawn Zach shall transmit a letter to the court and to plaintiff's counsel indicating whether production is underway and describing the progress of production efforts. If production has not begun by November 28, 2008, the letter shall briefly recount the reasons therefor. This letter shall state that it pertains to Civil Action No. 1:08-CV-1384 and may be sent to the court and to plaintiff's counsel via either first class mail or facsimile using the following contact information:

> UNITED STATES DISTRICT COURT
> Clerk's Office
> 228 Walnut Street
> Tenth Floor
> Harrisburg, PA 17101
> Facsimile: (717) 221-3949
>
> McCARRON & DIESS
> ATTN: Maria C. Simon
> 4900 Massachusetts Avenue, N.W., Suite 310
> Washington, DC, 20016
> Facsimile: (202) 364-2731

4. Upon receipt of the documents identified in Paragraph 2.a of this order, plaintiff's counsel shall file a notice certifying that defendants have discharged their obligations hereunder. The court will issue an order purging defendants of their contempt upon receipt of this certificate.

5. **Failure to comply with the provisions of this order may result in imposition of additional contempt sanctions upon defendants. These sanctions may include:**

    a.    **Scheduling of a second contempt hearing,**

    b.    **Issuance of bench warrants for defendants' arrest,**

    c.    **Conversion of defendants' civil contempt into criminal contempt proceedings,**

    d.    **Imposition of criminal or civil fines, or**

    e.    **Other contempt sanctions as the court deems appropriate.**

6. If defendants are at any time unable to satisfy their obligations hereunder, they shall promptly notify the court of their disability by transmitting a letter via first class mail or facsimile. Any such letter shall state that it pertains to Civil Action No. 1:08-CV-1384 and may be sent to the court using the following contact information:

>UNITED STATES DISTRICT COURT
>Clerk's Office
>228 Walnut Street
>Tenth Floor
>Harrisburg, PA 17101
>Facsimile: (717) 221-3949

7. The Clerk of Court is instructed to transmit copies of this order via certified mail to the following individuals and entities:

> SHAWN ZACH                KIM BRITTON
> 63 Vine Street            109 Beagle Club Road
> Newville, PA 17241        Carlisle, PA 17013
>
> BOYER & RITTER            BOYER & RITTER[4]
> 211 House Avenue          141 West High Street
> Camp Hill, PA 17011       Carlisle, PA 17013
>
> KODAK & IMBLUM, P.C.
> ATTN: Gary J. Imblum, Esq.
> Cameron Mansion
> 407 North Front Street
> P.O. Box 11848
> Harrisburg, PA 17108

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[4] Defendants stated during the contempt hearing that Chuck Noble in Boyer & Ritter's Carlisle, Pennsylvania office provided their accounting services. Based upon the professional profiles on Boyer & Ritter's website, this individual's proper name is likely Charles R. Nebel, Jr. The court has directed a copy of this order to both the Carlisle office and to the firm's main office in Camp Hill to ensure that the persons responsible for the account of Zach's Produce receive it.